[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action initiated by the Plaintiff against the Defendant with respect to the premises located at 59 Mather Avenue in the city of Groton.
The Court finds the following facts to be relevant to the question of possession:
On August 23, 1999, the Plaintiff, as lessor, and the Defendant, as lessee, entered into a written lease for the term of one year for the use and occupancy of the subject premises at a monthly rental of $520.00, Defendant's portion being $130.00, subject to HUD recertification, payable on or before the first calendar day of each month during the term of said lease.
Paragraph 23 of said lease states, in part, "The Landlord may terminate this Agreement only for: the Tenant's material noncompliance with the terms of this Agreement material noncompliance includes, but is not CT Page 10185 limited to, nonpayment of rent . . ."
On June 1, 2000, Defendant failed to tender her portion of the rent that came due on that date.
On or about June 10, 2000, Plaintiff sent a preliminary notice to the Defendant in accordance with lease terms. Such preliminary notice served as a notice of intent to begin legal eviction proceedings if rent was not paid on or before June 27, 2000.
On June 28, 2000, rent had still not been paid by the Defendant and the Plaintiff served on the Defendant a Notice to Quit stating a quit date of July 9, 2000.
Sometime thereafter, Defendant telephoned the Plaintiff with an offer to pay and Defendant stated that they did not wish to accept the monies due but intended to proceed with this summary process action.
Sometime after that, Defendant offered Plaintiff a money order in the amount of $130.00 which money order Defendant refused to accept.
In her Answer and testimony, Defendant admits that she has not paid rent as of June 1, 2000. Defendant cites as special defenses that she tendered rent on June 27, which the Plaintiff refused to accept. However, Defendant failed to offer evidence sufficient to show that tender was made on that date. Defendant also cites as a special defense that high costs of medical care for cancerous conditions she suffers prevented her from paying the rent when due.
Pursuant to General Statute 47a-19, "acceptance of rent with the knowledge that such rent is overdue constitutes a waiver of the landlord's right to terminate the rental agreement for the tenant's failure to pay such rent when it was due." A landlord cannot accept payment of rent while at the same time claim a default of an agreement with respect to that same rent.
Defendant's special defense regarding medical costs is unavailing.
For all of the above reasons, judgment of possession enters for Plaintiff with a statutory stay.
Judge Stuart M. Schimelman